UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALTER JOSEPH COOK III,

    Petitioner,

v.

SCOTT KERNAN, *et al.*,

    Respondents.

Case No. 3:15-cv-06343-LB

**ORDER TO SHOW CAUSE**

Re: ECF No. 1

## INTRODUCTION

Petitioner Walter Joseph Cook III, an inmate at San Quentin State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Cook's petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondents to respond to the petition to show cause why the writ should not be granted.

## STATEMENT

On July 1, 1992, Mr. Cook was charged in the Municipal Court of San Mateo County via complaint with three counts of murder pursuant to California Penal Code §187, "with special allegation of multiple murder pursuant to Penal Code §190.2(a)(3)." (Petition, ECF No. 1 at 9.[1]) The information further charged Mr. Cook with the use of a deadly and dangerous weapon in connection with one murder and the use of a firearm in connection with two of the murders. (*Id.* at 10.) "Mr. Cook pled not guilty to all counts, and denied all special allegations." (*Id.* at 11.)

The case proceeded to trial by jury. (*Id.* at 13.) "On June 23, 1994, the jury convicted Mr.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:15-cv-06343-LB)

Cook of three counts of first-degree murder" and on July 25, 1995, the jury "returned the death verdict." (*Id.* at 15.) "The trial court heard and denied Mr. Cook's automatic motion for reduction and modification of death verdict" on September 2, 1994 and "imposed a sentence of death." (*Id.*)

"Mr. Cook's convictions and sentence were automatically appealed to the California Supreme Court." (*Id.* at 16.) The California Supreme Court affirmed the trial court's judgment in its entirety. (*Id.* at 19.) During Mr. Cook's state habeas appeal and at the direction of the California Supreme Court, Judge Parsons of the Superior Court of San Mateo County found Mr. Cook "mentally retarded," within the meaning of *Atkins v. Virginia*, 536 U.S. 304 (2002). (*Id.* at 21.) Judge Parsons vacated Mr. Cook's death sentence and "resentenced [him] to a term of life in prison without the possibility of parole." (*Id.*) "Respondent did not appeal Judge Parson's Order, and the time for seeking direct review expired on January 5, 2015." (*Id.*)

On December 31, 2015, Mr. Cook filed the instant petition for writ of habeas corpus in this court.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See* Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Cook asserts that his conviction, sentence and confinement were the result of violations of rights afforded by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, United States Supreme Court case law, Article 14 of the International Convention on Civil and Political Rights, and broader international law. Liberally construed, those claims based on the Constitution, laws and treaties of the United States appear colorable under 28 U.S.C. § 2254 and merit an answer from respondents.

ORDER (No. 3:15-cv-06343-LB)          2

# CONCLUSION

For the foregoing reasons and for good cause shown

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon the respondents. The clerk shall also serve a copy of this order on the petitioner.

2. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondents must file with the answer and serve on the petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondents within 30 days of his receipt of the answer.

4. The petitioner's application to proceed *in forma pauperis* is GRANTED. (ECF No. 3.)

**IT IS SO ORDERED.**

Dated: February 2, 2016

_____
LAUREL BEELER
United States Magistrate Judge