IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER JOSEPH COOK, III,<br><br>    Petitioner,<br><br>  v.<br><br>SCOTT KERNAN,<br><br>    Respondent.<br>_____/ | No. C 15-06343 WHA<br><br>**ORDER DENYING MOTION TO STRIKE** |

## INTRODUCTION

Petitioner, who was convicted of three counts of murder in 1994, moves to strike respondent's answer to his petition for a writ of habeas corpus under 28 U.S.C. Section 2254. For the reasons discussed herein, petitioner's motion is **DENIED**.

## STATEMENT

Petitioner, represented by counsel, filed his habeas petition on December 31, 2015. On July 25, 2016, petitioner obtained new counsel, who are representing petitioner on a pro bono basis. On July 29, 2016, respondent filed an answer and accompanying memorandum of points and authorities. Petitioner now moves to strike respondent's answer for failing to "specifically admit or deny any of Petitioner's factual contentions" (Mtn at 1). In the alternative, petitioner seeks an extension of 60 days to file a traverse to respondent's answer to allow counsel to familiarize themselves "with the many facts and legal questions at issue" (*id.* at 6).

## ANALYSIS

Rule 5 of the Rules Governing Section 2254 Cases requires that an answer "address the allegations in the petition." Further, Rule 5 requires that the answer "state whether any claim in

the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."

Our court of appeals has clarified that the purpose of "the answer is to frame the issues in dispute" but that "[n]either Rule 5, nor the Advisory Notes, nor subsequent case law set out any further restrictions on the form of the answer, unlike Federal Rules of Civil Procedure 8(b) and 8(d), which require fact-by-fact responses." *Williams v. Calderon*, 52 F.3d 1465, 1483 (9th Cir. 1995).

Here, the answer includes a general denial: "Respondent denies each and every allegation of the Petition and specifically denies that Petitioner's custody is in any way unlawful, that the judgment underlying Petitioner's custody is in any way unlawful, and that his federal constitutional rights are being violated in any way" (Ans. at 2). However, the accompanying memorandum of points and authorities, which is 67 pages long and incorporated by reference into the answer, responds in greater detail to each of petitioner's seven claims. Additionally, after a hearing on the instant motion, respondent specifically addressed whether petitioner's mental disabilities impacted the validity of his *Miranda* waiver and the voluntariness of his statements to law enforcement.

This order concludes that the answer, accompanying memorandum, and the response on the issue of petitioner's alleged mental disability sufficiently "frame the issues in dispute" and therefore comply with the requirement of Rule 5. Neither Rule 5 nor case law requires respondent to provide a fact-by-fact response to the allegations in the petition. The motion to strike is therefore **DENIED**.

In the alternative, petitioner requests an extension of 60 days. Respondent does not object. The request for an extension is **GRANTED**. Petitioner shall have until **DECEMBER 8, 2016**, to file a traverse.

2

**CONCLUSION**

For the reasons stated herein, the motion to strike is **DENIED**.  For good cause shown, petitioner's request for an extension of 60 days to file a traverse is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  October 21, 2016. 
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3